UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

LEAUBRA PULLENS                              CIVIL ACTION NO. 6:12-cv-00569

VERSUS                                       JUDGE DOHERTY

PETROLEUM HELICOPTERS, INC.                  MAGISTRATE JUDGE HANNA

### *SUA SPONTE* JURISDICTIONAL BRIEFING ORDER

In his complaint, the plaintiff claims that he was injured when a helicopter in which he was a passenger crashed into the water. He contends that this Court has jurisdiction because the parties are diverse in citizenship and the amount in controversy exceeds the jurisdictional threshold.

Federal district courts have subject matter jurisdiction over civil actions in which the amount in controversy exceeds $75,000 exclusive of interest and costs and the parties are citizens of different states.[1] The person seeking to invoke federal court jurisdiction (the plaintiff, in this case) has the burden of proof of demonstrating, at the outset of the litigation, that the federal court has authority to hear the case.[2]

---

[1]   28 U.S.C.A. § 1332.

[2]   *St. Paul Reinsurance Co., Ltd. v. Greenburg*, 134 F.3d 1250, 1253 (5th Cir.1998); *Manguno v. Prudential Property and Cas. Ins. Co*., 276 F.3d 720, 723 (5th Cir. 2002); *De Aguilar v. Boeing Co*., 47 F.3d 1404, 1408 (5th Cir. 1995), *cert. denied*, 516 U.S. 865 (1995)..

The plaintiff contends that the parties are diverse in citizenship, and the undersigned agrees. The plaintiff alleges that he is a Mississippi citizen. He also alleges that the defendant is a Louisiana citizen, by virtue of its having been incorporated in and having its principal place of business in Louisiana. Accordingly, the undersigned finds that the parties are diverse in citizenship.

The undersigned is unable, however, to determine whether the jurisdictional threshold has been satisfied with regard to the amount in controversy. In a case like this one, in which the plaintiff does not seek recovery of a determinate amount in his complaint, the party invoking the Court's jurisdiction has the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.[3] To satisfy that burden, the party must either (1) demonstrate that it is facially apparent that the claims are likely above $75,000 or (2) set forth the specific facts in controversy that support a finding of the jurisdictional amount.[4]

The undersigned finds that the jurisdictional amount is not "facially apparent" from the complaint because the facts alleged are insufficient for the undersigned to determine whether the amount in controversy exceeds the jurisdictional requirement. In particular, the undersigned notes that the nature and severity of the plaintiffs'

---

[3] *St. Paul Reinsurance*, 134 F.3d at 1253.

[4] *St. Paul Reinsurance*, 134 F.3d at 1253.

injuries cannot be determined from the face of the petition, and no amount of medical expenses, past lost wages, or any type of special damages has been alleged.

IT IS THEREFORE ORDERED that, not later than twenty-one days after the date of this order, the plaintiff shall file a memorandum setting forth specific facts that support a finding that the amount in controversy exceeds the jurisdictional minimum, supporting those facts with summary-judgment-type evidence. The defendant will then be allowed seven days to respond to the plaintiff's memorandum.

Signed at Lafayette, Louisiana, this 8th day of May 2012.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE